ORIGINAL

# In the United States Court of Federal Claims

No. 17-048C

(Filed: February 14, 2017)

FILED
FEB 14 2017
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| SOLOMON UPSHAW, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant. | ) |

## ORDER

Pro se plaintiff Solomon Upshaw has filed six cases with the United States Court of Federal Claims since 2003:

- Upshaw v. United States, Case No. 16-369, filed on March 21, 2016;
- Upshaw v. United States, Case No. 15-1339, filed on November 6, 2015;
- Upshaw v. United States, Case No. 15-058, filed on January 15, 2015;
- Upshaw v. United States, Case No. 14-569, filed on July 7, 2014;
- Upshaw v. United States, Case No. 14-058, filed on January 24, 2014; and
- Upshaw v. United States, Case No. 03-1678, filed on July 10, 2003.

In each of these cases, Mr. Upshaw's complaint has been dismissed for lack of subject matter jurisdiction or for failure to state a claim. Most of the allegations in these cases were "speculative" and "incomprehensible," see Upshaw v. United States, No. 14-569, slip op. at 4-5 (Fed. Cl. Nov. 19, 2014), aff'd 599 Fed. App'x 387 (Fed. Cir. 2015); failed to name the United States government as defendant, see Upshaw v. United States, No. 15-1339, slip op. at 4 (Fed. Cl. July 28, 2016), aff'd 2016 WL 7187440 (Fed. Cir. 2016); or were barred by res judicata, see Upshaw v. United States, No. 15-058, slip op at 2 (Fed. Cl. Apr. 2, 2015), aff'd 615 Fed. App'x 949 (Fed. Cir. 2015). The instant complaint is largely duplicative of Case No. 16-369, which was dismissed on July 5, 2016, for lack of subject matter jurisdiction.

7014 1200 0000 9093 6590

In addition to the cases in this court, Mr. Upshaw has filed numerous pro se actions in federal courts in the past twenty years. Several of these cases have been dismissed for lack of subject matter jurisdiction, for failure to state a claim, and for failure to prosecute. See e.g., Upshaw v. WMB Constr., Inc., No. 13-076, slip op. (D. Vt. Sept. 12, 2013) (dismissing for want of jurisdiction); Upshaw v. WMB Constr., Inc., No. 13-11110 (D. Mass. July 23, 2013) (dismissing for failure to state a claim); Upshaw v. Bond, No. 09-3452 (D.N.J. March 1, 2010) (dismissing for failure to prosecute).

On January 6, 2017, the United States Court of Federal Claims received a seventh complaint from Mr. Upshaw. Although it is difficult to tell precisely what Mr. Upshaw is alleging in his present complaint, he names the Coroner's Office in Columbus, Georgia as defendant and claims that the Coroner's conduct, act, or omission caused the wrongful death of Alma E. Upshaw. Mr. Upshaw's sixth case in this court also alleged "that on July 12, 1993 employees of the state of Georgia, including a coroner in Columbus, Georgia, prepared a death certificate for Alma Upshaw but negligently failed to name the driver of the other vehicle." Upshaw v. United States, No. 16-369, slip op. at 1 (Fed. Cl. July 5, 2016). The court dismissed that case for lack of jurisdiction for the reasons that follow:

> Because Mr. Upshaw makes no allegations against the United States, the court must dismiss his case. Alternatively, and to the extent his allegations could be construed as claims against the United States, his claims must be dismissed because they sound in tort. Finally, his claims arising out of conduct in 1993 are outside the court's six-year statute of limitations.

Id. at 2. The claims in the instant case suffer from the same defects that predicated the dismissal of that previous case.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), "[n]otwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." Under the standard established by the United States Court of Appeals for the District of Columbia in In re Powell, indicia of frivolousness include both the number of case filings and "the effect of those filings" on the court. 851 F.2d 427, 433-34 (D.C. Cir. 1988). Furthermore, it is appropriate to sanction a frivolous plaintiff who has established a "vexatious pattern of filing multiple duplicative lawsuits." Hemphill v. Kimberly-Clark Corp., 374 Fed. App'x 41, 46 (Fed. Cir. May 4, 2010) (applying In re Powell, 851 F.2d at 430-31). Based on a review of plaintiff's dismissed cases in this and other federal courts, the undersigned finds that Mr. Upshaw has established a vexatious pattern of litigation due to the frivolous and repetitive nature of Mr. Upshaw's present complaint, the number of claims lacking in

2

merit that Mr. Upshaw has filed in the federal courts, and the recurrent defects in those claims. For these reasons,

IT IS ORDERED that Solomon Upshaw is immediately **enjoined** from filing any new documents with this court without first obtaining leave to do so. Any motion for leave to file must include as an attachment a full complaint that meets all the requirements of Rule 8 of the Rules of the United States Court of Federal Claims, including an explanation of why the complaint is timely and properly before this court and unrelated to any prior litigation he has pursued. In the event that the court grants a motion for leave to file, Mr. Upshaw will be required to pay in full the court's filing fee to proceed.

IT IS FURTHER ORDERED that the Clerk of Court shall **dismiss** the January 6, 2017 complaint and reject all future complaints and correspondence from plaintiff unless filed by leave of the court.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge